# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN WILLAND INC., | : |
| Plaintiff, | : |
| v. | : **Civil Action No. 21-1869 (SRC)** |
| MERIT HARDWARE INCORPORATED et al., | : **OPINION** |
| Defendants. | : |

**CHESLER, District Judge**

This matter comes before this Court following the Report and Recommendation ("R&R") filed on February 15, 2024 by Magistrate Judge Waldor, pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2). The R&R recommended that the Court sanction Defendants by striking Defendants' responsive pleadings and counterclaims, and by placing Defendants in default.

In response, Defendants filed a brief which they characterized as an appeal of the Magistrate Judge's decision. L. Civ. R. 72.1(C)(1) provides for appeals from a Magistrate Judge's determination of a non-dispositive matter. Here, the Magistrate Judge made no determination and issued no appealable order; there is no basis for an appeal under L. Civ. R. 72.1(C)(1). Plaintiff correctly recharacterized Defendants' "appeal" as an objection to a report and recommendation, pursuant to L. Civ. R. 72.1(C)(2), and this Court agrees and construes Defendants' brief as an objection to the R&R. Defendants have objected to the Magistrate Judge's R&R; Plaintiff has responded to the objection; and Defendants have submitted a proposed sur-reply, which this Court has accepted.

A magistrate judge's recommended disposition of a dispositive matter is subject to de novo review.  In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); see also FED. R. CIV. P. 72(b).  In brief, the Magistrate Judge issued the R&R *sua sponte* in response to the history of the discovery process in this case.  The R&R states that the formal discovery process began with the issuance of the Pretrial Scheduling Order on February 2, 2022.  (R&R at 2.)  The R&R further states:

> The record reflects that Defendants' long history of discovery deficiencies began almost immediately thereafter, (March 24, 2022 Order, ECF No. 22), and that the Court gave Defendants *many* chances satisfy their obligations. (*E.g.* ECF Nos. 25, 27, 31, 36 38, 45, 49). The record further reflects, and the Court so finds, that Defendants have not done so; and
>
> **WHEREAS** on December 21, 2023, the Court informed Defendants that it was considering striking their pleadings as a sanction for their conduct, gave them yet another opportunity to cure their discovery deficiencies, and explicitly warned them about the consequences should they fail to do so . . .

(Id.)

The R&R then recounts that the Magistrate Judge's Order entered on December 21, 2023 had stated that, should Defendants fail to produce the outstanding discovery by a final deadline of January 19, 2024, the Magistrate Judge would issue a report recommending such sanctions as were eventually recommended.  The R&R states that Defendants did not respond to the Magistrate Judge's Order entered on December 21, 2023, and the Magistrate Judge proceeded to follow through, issuing the R&R that is presently at issue.  In short, in the R&R, the Magistrate Judge weighed the *Poulis*[1] factors and concluded that "the *Poulis* factors overwhelmingly favor sanctioning Defendants' conduct by striking their pleadings, entering defaults against them, and

---

[1] Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

permitting Plaintiff to pursue default judgments against them." (Id. at 6.)

Defendants' objection to the R&R makes two arguments. First, Defendants argue that Plaintiff raised no discovery dispute involving the individual Defendants, Jeffrey Mullins and Claribel Mullins, and so those individual Defendants should not be sanctioned. The Court finds this unpersuasive; Defendants' sur-reply included the Certification of Jeffrey Mullins, which states that he is "the owner of defendant Merit Hardware Incorporated." (Mullins Cert. at ¶ 2.) Moreover, in this Certification, Jeffery Mullins accepted personal responsibility for the failure to produce "hundreds of pages of various equipment orders sought by Plaintiff concerning Merit Hardware." (Id. at ¶ 7.) Given these statements, the Court rejects the argument that the individual Defendants should be isolated from the sanctions against the Defendant business. Defendants have given this Court no basis to conclude that the individual Defendants should be protected from sanctions.

Defendants next argue that compliance with the Court's final deadline was not possible due to the travel schedule of the owner of Merit Hardware. The Court does not find this to be persuasive. Again, Defendants appear to overlook the undisputed fact that the traveling "owner" is Jeffrey Mullins himself.

In the end, Defendants have not offered anything of any substance to controvert the Magistrate Judge's findings of persistent noncompliance with the Court's Orders and repeated failure to meet discovery obligations in this case. Defendants have not even attempted to argue that the Magistrate Judge erred in the analysis or application of the *Poulis* factors.

In Poulis, the Third Circuit held that, when considering dismissal as a sanction, courts should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court agrees with the Magistrate Judge that Defendants bear responsibility for the discovery delays and noncompliance with the Court's Orders and that there is a history of dilatoriness. Plaintiff has suffered prejudice due to the fact that its efforts to pursue its case have been repeatedly stymied. The Court finds that the noncompliance was willful, given that Defendant Jeffrey Mullins stated in his Certification that he knew about the discovery obligations when he traveled internationally and failed to comply with the Court's Orders. This Court has not evaluated the merit of Defendants' counterclaims or defenses. The Court agrees with the Magistrate Judge that no lesser sanction would be effective: the Magistrate Judge gave Defendants a final warning that noncompliance would result in the sanction of striking the responsive pleadings, and Defendants chose to continue their noncompliance. This Court does not see how any lesser sanction could be effective.

The Third Circuit has held that "the judicious use of sanctions is a practical necessity in the management of caseloads." Eash v. Riggins Trucking, Inc., 757 F.2d 557, 566 (3d Cir. 1985). Such is the case here. A party that persistently refuses to meet its discovery obligations and comply with the Court's Orders – even after being given a clear, final warning about the likely consequences – prevents the Court from effectuating "the just, speedy, and inexpensive" administration of justice. Federal Rule of Civil Procedure 1. The use of an extreme sanction

4

here is justified.

The Court has reviewed the R&R under the appropriate de novo standard, and agrees with Magistrate Judge Waldor's analysis and conclusion that, pursuant to the Third Circuit's decision in *Poulis*, as well as Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A), the Court should strike Defendants' responsive pleadings. Rule 37(b)(2)(A) specifically authorizes a court to sanction a party for failure to provide discovery by striking a pleading and by "rendering a default judgment against the disobedient party." The Court agrees with the Magistrate Judge that Defendants should be sanctioned for the failure to provide discovery and comply with the Court's Orders. The Court adopts the Magistrate Judge's R&R and will strike Defendants' Amended Answer. The striking of the Amended Answer will produce two key results: 1) dismissal of Defendants' two counterclaims with prejudice; and 2) it will place Defendants into default.

Defendants' brief in objection raises the issue of Plaintiff's entitlement to recovery of reasonable attorney's fees for their efforts to obtain discovery. As Defendants admit, this was not a matter addressed in the R&R and is not presently before this Court. On December 21, 2023, the Magistrate Judge entered an Order which stated, in relevant part:

> Plaintiff is entitled to recover the reasonable attorneys' fees incurred in its extensive efforts seeking the Court's assistance in compelling Defendants to honor their discovery obligations. Plaintiff's counsel shall submit to Defendants' counsel a Certification of Services rendered regarding those fees, and the parties shall thereafter meet and confer in an attempt to agree on an appropriate amount of reimbursement. Absent such an agreement, Plaintiff may submit an appropriate application to the Court.

This Order was not appealed and remains a valid Order of this Court.

5

An appropriate Order follows.

                                                             s/Stanley R. Chesler
                                                       STANLEY R. CHESLER, U.S.D.J.

Dated:  April 4, 2024